**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **5725 Johnston Street Holdings, LLC,** | ) | CIVIL ACTION NO. _____ |
| | ) | |
| **Plaintiff,** | ) | JUDGE _____ |
| | ) | |
| **v.** | ) | MAGISTRATE JUDGE _____ |
| | ) | |
| **Acadiana Mall CMBS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, 5725 Johnston Street Holdings, LLC, alleges as follows:

**THE PARTIES**

1.      5725 Johnston Street Holdings, LLC, Plaintiff, is a limited liability company organized under the laws of Maryland.  The sole member of the Plaintiff is Wells Fargo Bank, N.A., as Trustee in trust for the Registered Holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-2.  Under its Articles of Association, Wells Fargo Bank, N.A.'s main office is located in South Dakota.  Accordingly, the Plaintiff is a citizen of South Dakota.

2.      Made Defendant is, Acadiana Mall CMBS, LLC, a Delaware limited liability company registered to do business in Louisiana ("Acadiana"), having its principal place of business at 5725 Johnston Street, Lafayette, Louisiana 70503.  On information and belief, none of the members of Acadiana Mall CMBS, LLC is a citizen of South Dakota.

1240279v.4

Case 6:17-cv-01695-UDJ-CBW   Document 1   Filed 12/29/17   Page 2 of 8 PageID #:  2

**JURISDICTION AND VENUE**

3.    This court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4.    Venue is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff seeks to enforce mortgage and security interests on property that is situated in this district.

**THE NOTE**

5.    Plaintiff is the holder and owner, for good and valuable consideration, of a Promissory Note dated March 8, 2007 (the "Note").  A copy of the Note is attached as **Exhibit A**.  The Note was made and subscribed by Acadiana through Farzana K. Mitchell, as the Senior Vice President of Finance of CBL Holdings I, Inc., the sole general partner of CBL & Associates Limited Partnership, Acadiana's sole member and chief manager.

6.    The Note was made payable to the order of Bank of America, N.A. ("BOA") in the principal amount of One Hundred Fifty Million, Four Hundred Thousand dollars ($150,400,000).  Exhibit A at p. 1.

7.    BOA assigned the Note to Wells Fargo Bank, N.A., as Trustee, for the Registered Holders of Banc of America Commercial Mortgage, Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-2, without recourse, (the "Trust").  A copy of the allonge assigning the Note from BOA to the Trust is included in Exhibit A.  The Trust assigned the Note to Plaintiff. A copy of the allonge assigning the Note from the Trust to Plaintiff is also included in Exhibit A.

8.    The Loan Agreement requires Acadiana to pay the full amount owed on the Loan on April 1, 2017 (the "Maturity Date").  Relevant excerpts of the Loan Agreement are attached hereto as **Exhibit B**.  The unpaid principal balance of the Note bears interest at 5.665% per

1240279v.4

annum.  After default, the Note bears interest at a rate per annum equal to the lesser of (i) the Maximum Legal Rate or (ii) three percent (3%) above the Interest Rate.  Exhibit B pgs. 5, 8, 22.

## THE MORTGAGE

9.     Acadiana also executed a Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement (the "Mortgage") dated March 8, 2007 to Mortgage Electronic Registration System, Inc. ("MERS") as nominee on behalf of BOA as lender.  A copy of the Mortgage, which was recorded with the Lafayette Parish Records on March 23, 2007, at Entry No. 2007-00012382, is attached hereto as **Exhibit C**.

10.     The Mortgage was corrected by an Act of Correction recorded May 18, 2007, in the Lafayette Parish Records as Entry No. 2007-22408.  A copy of the Act of Correction is attached as **Exhibit D**.

11.     In the Mortgage, Acadiana granted a first priority security interest in certain movable and immovable property in Lafayette Parish operating as a multi-tenant retail shopping center doing business as the Mall of Acadiana.  The real property has a municipal address of 5725 Johnston Street, Lafayette, Louisiana 70503 and is more fully described in Exhibit A to the Mortgage.

12.     In addition to the real property, the Mortgage granted a first priority lien and security interest over any and all of Acadiana's present and future property, rights, interests, and estates related to the real property ("the Mortgaged Property").  Exhibit C at Article 1.

13.     MERS assigned its rights in the Mortgage to the Trust.  A copy of the Assignment assigning the Mortgage from MERS to the Trust is attached as **Exhibit E**.  That Assignment was filed in the Mortgage Records of Lafayette Parish on March 28, 2017, at Entry No. 2017-16837. The Trust, assigned the Mortgage to Plaintiff.  A copy of the Assignment assigning the Mortgage

- 3 -

1240279v.4

from the Trust to Plaintiff is attached as **Exhibit F**.  That Assignment was filed in the Mortgage Records of Lafayette Parish on December 14, 2017, at Entry No. 2017-47002.

14.     The Mortgage provides that Acadiana shall pay to the Plaintiff on demand any and all expenses, include legal expenses and attorneys' fees, incurred or paid by Plaintiff in protecting its interest in the Mortgaged Property or in collecting any amount payable or in enforcing its rights with respect to the Mortgaged Property, together with interest thereon at the Default Rate from the date paid or incurred by the Plaintiff.

15.     The Mortgage is superior in rank to all other liens and encumbrances on the immovable property.

## THE PERFECTED INTEREST IN MOVABLES

16.     The security interest granted by the Mortgage in Acadiana's fixture and personal property was perfected by the recordation of a UCC-1 Financing Statement in the records of the Secretary of State for Delaware, on March 12, 2007, No. 2007 0928209, a UCC Continuation Statement, on March 5, 2012, No. 2012 0843849, a UCC Continuation Statement, on March 6, 2017, No. 2017 1470753, a UCC-3 Assignment, on April 25, 2017, No. 2017 2695523, and a UCC-3 Assignment, on December 22, 2017, No. 2017 8498729.  The security interest in fixtures and personal property was further perfected by the recording in the UCC Index of Lafayette Parish of a UCC-1 Financing Statement, on June 5, 2017, No. 28500051, which financing statement was assigned to the Plaintiff by the recording of a UCC-3 Assignment in the UCC Index of Lafayette Parish, on December 27, 2917, No. 28504247 All of the foregoing UCC statements are collectively referred to as the "UCCs".  The UCCs are cumulatively attached as **Exhibit G**.

1240279v.4

## THE ASSIGNMENT OF LEASES AND RENTS

17.     Acadiana also executed an Assignment of Leases and Rents in favor of MERS as nominee for BOA dated March 5, 2007.  A copy of the Assignment of Leases and Rents, which was recorded with the Lafayette Parish Conveyance Records at Entry No. 2007-12383, is attached hereto as **Exhibit H**.

18.     In the Assignment of Leases and Rents, Acadiana absolutely and unconditionally assigned and granted to MERS, without limitation, all leases, rents, revenue and income of any kind related to the property.  See, Exhibit H at section 1.1.

19.     MERS assigned its rights in the Assignment to the Trust.  A copy of the Assignment assigning the Assignment from MERS to the Trust is attached as **Exhibit I**.  That Assignment was filed in the Mortgage Records of Lafayette Parish on May 1, 2017, Entry No. 2017-16836.  A copy of the Assignment assigning the Assignment from the Trust to Plaintiff is attached as **Exhibit J.**  That Assignment was filed in the Mortgage Records of Lafayette Parish on December 14, 2017 at Entry No. 2017-00047003.

## OTHER LOAN DOCUMENTS

20.     Acadiana also executed other loan documents in connection with the loan, including but not limited to an Environmental Indemnity Agreement, a Reserve and Security Agreement, a Conditional Assignment of Management Agreement, and a Borrower's Closing Certificate (collectively, the "Other Loan Documents.")

## ACADIANA'S DEFAULT ON THE NOTE

21.     Acadiana failed to pay the Note in full at maturity on April 1, 2017 (the "Maturity Date").

1240279v.4

22.     On April 3, 2017, counsel for Plaintiff sent a letter to Acadiana notifying it of its default and its failure to pay the loan in full on the Maturity Date.  A true and correct copy of the letter sent to Acadiana is attached as **Exhibit K.**

23.     Accordingly, the following amounts are past due and payable by Acadiana as of November 1, 2017:   $124,998,328.92 in unpaid principal, $4,720,770.22 in accrued unpaid interest from March 1, 2017 to November 1, 2017; a Miscellaneous Advance Balance of $94,646.38; a IOA of $77,963.78; $2,187,563.40 in Default interest from April 1, 2017 to November 1, 2017 and late charges in the amount of $26,087.68.   These amounts, less $6,077,799.72 in escrow funds, total $126,027,560.66.  Interest under the Note, interest at the Default Rate, costs incurred by the Plaintiff in enforcing its rights and legal fees continue to accrue under the Note, the Mortgage, the Assignment of Leases and Rents, and other security documents in accordance with their terms.

24.     As a result of Acadiana's default, Plaintiff is entitled to a Judgment in the amount of all sums to which it is entitled under the loan documents, including the Note, the Mortgage, and the Assignment of Leases and Rents.  Plaintiff is also entitled to foreclose on the Mortgaged Property to secure payment of the amount owed.   Plaintiff is also entitled to recover its reasonable expenses incurred in connection with this proceeding, including its attorney's fees and court costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

(1)     That the Court declare that Acadiana is in default of the Note and enter judgment in favor of Plaintiff for the entire outstanding principal sum, together with all accrued and unpaid interest, reasonable attorneys' fees and expenses, court costs, and all other expenses

1240279v.4

paid or incurred to enforce Plaintiff's rights under the Note, Mortgage, the Assignment of Leases and Rents, and the Other Loan Documents;

(2)     That the Court recognize the Mortgage, which authorizes foreclosure on the Mortgaged Property in the event of Defendant's default; Plaintiff's status as Mortgagee with respect to the Mortgage; and Plaintiff's status as Holder/Payee with respect to the Note;

(3)     After entry of judgment against Acadiana, that the Court issue a Writ of Fieri Facias directing the United States Marshal to sell the Mortgaged Property, including both movable and immovable property, with benefit of appraisal and according to law, to pay and satisfy the outstanding debt;

(4)     That the Court permit Plaintiff to credit bid the foregoing debt at the judicial sale of the property to be seized and sold;

(5)     That the Court declare that Plaintiff shall succeed to all rights, title, and interest in the Leases and Rents, as described above; and

(6)     Grant such other relief as the Court may deem Plaintiff to be entitled at law or equity.

Dated: December 29, 2017                              Respectfully submitted,

                                                     */s/ J. Dalton Courson*
                                                     John M. Landis, 7958
                                                     J. Dalton Courson, 28542
                                                     STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                     909 Poydras Street, Suite 3150
                                                     New Orleans, LA  70112
                                                     Telephone: (504) 581-3200

                                                     - and -

1240279v.4

Brent Procida, admitted in Maryland (to be
admitted pro hac vice)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202

*Attorneys for 5725 Johnston Street
Holdings, LLC*

1240279v.4